IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLAUDE E. KELLEY,                                                    PLAINTIFF,

VS.                                                              CIVIL ACTION NO. 1:06CV216-P-D

MONROE COUNTY BOARD OF
SUPERVISORS, ET AL.,                                        DEFENDANTS.

**FINAL JUDGMENT**

This matter comes before the court upon Defendants' Motion to Dismiss [10-1] pursuant to Federal Rule of Civil Procedure 12(b)(6). After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004).

1

In the Complaint, the plaintiff admits that "On the disorderly conduct charge I was advised to plead no contest, which I did, thinking I would not have any problems finding a civil rights attorney. I was mistaken and therefore I have no recourse but to proceed Pro Se."

In *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) the U.S. Supreme Court held in its majority (and therefore binding)[1] opinion that:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The plaintiff's conviction for disorderly conduct was neither reversed on appeal, expunged by executive order, declared invalid by a state tribunal, nor was it called into question by a writ of habeas corpus.[2] Because the plaintiff's case in this action is totally based on his disorderly conduct charge, for which he admits he pled no contest, this court is bound by U.S. Supreme Court authority in *Heck* to grant the defendants' motion to dismiss for failure to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED**:

(1) Defendants' Motion to Dismiss [10-1] is **GRANTED**; therefore,

(2) All of the plaintiff's claims against all of the defendants are **DISMISSED WITH PREJUDICE**; and

---

[1] In his response to the instant 12(b)(6) motion, the plaintiff cites to Justice Souter's concurring opinion in *Heck v. Humphrey*. However, only the actual holding of the majority opinion, in the case of *Heck* written by Justice Scalia, is legally binding upon the land.

[2] The plaintiff states in his response that "I do need a Writ of Habeas Corpus." However, since he is not in prison, he is not eligible to file a petition for a write of habeas corpus.

(3) This case is **CLOSED**.

**SO ORDERED** this the 17th day of October, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE